



1  Jean M. Lawler  (SBN 91254)  ORIGINAL
   Gina E. Och     (SBN 170520)
2  MURCHISON & CUMMING, LLP
   801 South Grand Avenue, 9th Floor
3  Los Angeles, California 90017-4613
   Telephone:  (213) 623-7400
4  Facsimile:  (213) 623-6336

5  Attorneys for Defendants, MENU FOODS
   INCOME FUND, MENU FOODS, INC.,
6  MENU FOODS LIMITED, MENU
   FOODS OPERATING LIMITED
7  PARTNERSHIP, MENU FOODS
   MIDWEST CORP.

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12 LOIS GRADY, KAYE STEINSAPIR,      CASE NO. CV07-02253 ODP (PLAx)
   individually and on behalf of all others
13 similarly situated,               NOTICE OF REMOVAL OF
                                     ACTION; DEMAND FOR JURY
14                                   TRIAL  [28 U.S.C. § 1441(a)]
                  Plaintiffs,
15                                   [FILED CONCURRENTLY WITH NOTICE OF
                  vs.                REMOVAL]
16
   MENU FOODS INCOME FUND;
17 FOODS, INC., MENU FOODS
   LIMITED, MENU FOODS
18 OPERATING LIMITED
   PARTNERSHIP, MENU FOODS
19 MIDWEST CORP., PETCO ANIMAL
   SUPPLIES, INC., NUTRO
20 PRODUCTS, and DOES 1 through 100,
   inclusive,
21
                  Defendants.
22                                   Action Filed: March 27, 2007





23

24    PLEASE TAKE NOTICE that defendants, MENU FOODS INCOME FUND,

25 MENU FOODS, INC., MENU FOODS LIMITED, MENU FOODS OPERATING

26 LIMITED PARTNERSHIP, and MENU FOODS MIDWEST CORP. (hereinafter

27 collectively referred to as "MENU FOODS" or "Defendants"), pursuant to 28 U.S.C §§

28 1441 and 1446, file this Notice of Removal (hereinafter "Notice") of this action from the

Dockets.Justia.com

Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Los Angeles Division. The grounds for removal are as follows:

## I.    INTRODUCTION

1.    Plaintiffs, LOIS GRADY and KAYE STEINSAPIR (hereinafter collectively referred as "Plaintiffs"), commenced this products liability action in the Superior Court of the State of California, County of Los Angeles, entitled <u>LOIS GRADY, KAYE STEINSAPIR, individually and on behalf of all others similarly situation, vs. MENU FOODS INCOME FUND; FOODS, INC., MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, MENU FOODS MIDWEST CORP., PETCO ANIMAL SUPPLIES, INC., NUTRO PRODUCTS, and DOES 1 through 100, inclusive,</u> Case No. BC 368561, on March 27, 2007.  Plaintiffs allege that their respective pets (cats) became ill upon consuming pet food manufactured and distributed by Defendants. Plaintiffs further claim that they sustained compensatory damages, including veterinarian bills and related expenses, as a result of their pets' illnesses. A true and correct copy of the Summons and Complaint are attached hereto and incorporated by reference as **Exhibit A.**

2.    On April 2, 2007, MENU FOODS was served a copy of the Summons and the Complaint.  Pursuant to 28 U.S.C. § 1441, this Notice of Removal is timely filed, as it was filed within thirty days (30) of the defendants being served with a copy of the Summons and the Complaint. <u>Ibid.</u>

3.    As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. § 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different States.  Therefore, pursuant to 28 U.S.C. §1441(a), the Defendants may remove this action to this Court.

//

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.    The Amount in Controversy Requirement Exceeds $5,000,000.

4.    It is apparent from the face of the Complaint that the Plaintiffs seek recovery of an amount in excess of $5,000,000, exclusive of costs and interest. Plaintiffs filed this class action on behalf of themselves as individuals and similarly situated individuals whose pets became ill and/or died after consuming various brands of allegedly tainted wet, or "cuts and gravy" style, dog and cat food manufactured by Defendants and distributed and sold throughout the State of California and the country. Plaintiffs allege that they have sustained compensatory damages in the form of veterinarian bills and related expenses as a result of their respective pets' illnesses. In addition, Plaintiffs allege that countless pets have died, and thousands of pets throughout the State of California have experienced kidney failure and/or suffered other serious adverse health consequences, and have required extensive medical care, as a result of consuming the affected pet food. Plaintiffs acknowledge that the members of the putative class are numerous, and although the entire class is unknown to Plaintiffs at this time, it is estimated that the entire class is greater than 1,000 individuals. Plaintiffs' prayer for relief seeks special damages, including veterinary expenses and loss of earnings; disgorgement of all profits; punitive damages; restitution based on Defendants' alleged unjust enrichment; and attorney fees, on behalf of themselves and all the members of the class. Further, nowhere in the Complaint do the Plaintiffs limit the amount in controversy to less than $5,000,000. See **Exhibit A**.

5.    "Where the class action complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D.Cal. 2006). Under this standard, "the defendant must provide evidence that is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Davis, 453 F.Supp.2d at 1208, citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 67 676, 683 (9th Cir. 2006).

6.    Based on Plaintiffs' own allegations that MENU FOODS, alone, has issued what is purported to be one of the largest, if not the largest, recalls (approximately 60,000,000 units) of products in the pet food industry's history, and the types of damages claimed in the Complaint, it is apparent that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

7.    Moreover, there are numerous pending class actions against MENU in various federal judicial districts in which the named Plaintiffs allege that jurisdiction exists under 28 U.S.C. § 1332(d)(2). There is no reason to believe that the damages or amount in controversy, exclusive of costs and interests, claimed by the Plaintiffs in this civil action will be less than those alleged in the pending federal cases.

8.    The Defendants have, therefore, met their burden of showing a reasonable probability that the amount in controversy satisfies the federal jurisdictional amount.

**B.    Complete Diversity of Citizenship Exists.**

9.    There is complete diversity of citizenship between the Plaintiffs and the Defendants in this action. Diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.    According to the Complaint, the named Plaintiffs are citizens of the State of California.

11.    Defendant Menu Foods Income Fund is a Canadian income fund with its principal executive offices located at 8 Falconer Drive, Streetsville, Ontario, Canada L5N 1B1. Defendant Menu Foods, Inc. is a New Jersey corporation with its principal executive offices located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110. Defendant Menu Foods Midwest Corporation is a Delaware corporation with its principal executive offices located at P.O. Box 1046, 1400 East Logan Avenue, Emporia, Kansas 66801. Menu Foods Midwest Corporation is a wholly owned subsidiary of Menu Foods, Inc. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has

1 its principal place of business." 28 U.S.C. §1332(c)(1). Thus, the MENU FOODS
2 corporations are deemed to be citizens of the respective states listed above, none of
3 which is the State of California.

4     12. The other defendants PETCO ANIMAL SUPPLIES, INC. and NUTRO
5 PRODUCTS, INC., have not appeared in this action to date. The "DOE" defendants are
6 wholly fictitious and sham parties against whom no relief is, or could be, sought in this
7 action. Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the citizenship of
8 any defendant sued under this fictitious name. Accordingly, it is not necessary that any
9 parties join in this Notice of Removal of Action.

10     13. This case should be removed to the United States District Court for the
11 Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441, because: (1) the
12 Plaintiffs are citizens of the State of California; (2) MENU FOODS is not a citizen of the
13 State of California; and (3) the amount in controversy exceeds $5,000,000, exclusive of
14 costs and interest.

15 **III.    PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

16     14. This Notice of Removal is timely according to 28 U.S.C. § 1446(b).

17     15. The Defendants, in good faith, believe that the amount in controversy
18 exceeds $5,000,000, exclusive of costs and interest, and complete diversity of citizenship
19 exists.

20     16. The United States District Court for the Central District of California
21 embraces the county in which the state court action is now pending. Therefore, this
22 action is properly removed to the Central District of California pursuant to 28 U.S.C. §
23 93(a)(1).

24     17. Pursuant to 28 U.S.C. §1446(d), the Defendants are filing written notice of
25 this removal to all adverse parties and will file a copy of the notice with the clerk of the
26 State court in which this action is currently pending.

27 //

28 //

WHEREFORE, the defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, and MENU FOODS MIDWEST CORP, respectfully move this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, and MENU FOODS MIDWEST CORP., hereby demand trial by jury in this action.

DATED:   April 5, 2007,          **MURCHISON & CUMMING, LLP**

By: _____
JEAN M. LAWLER
GINA E. OCH
Attorneys for Defendants,
MENU FOODS INCOME FUND, MENU
FOODS, INC., MENU FOODS
LIMITED, MENU FOODS OPERATING
LIMITED PARTNERSHIP, MENU
FOODS MIDWEST CORP.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On April 5, 2007, I served true copies of the following document described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 5, 2007, at Los Angeles, California.

MARJORIE K. DE JOHNETTE

GEO\menu foods\REMOVAL-REMOVAL

3:45

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS
LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP,
MENU FOODS MIDWEST CORP., PETCO ANIMAL SUPPLIES, INC.,
NUTRO PRODUCTS, INC. and Does 1 through 100, inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LOIS GRADY, KAYE STEINSAPIR, individually and on behalf of all
others similarly situated.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 27 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 N.Hill St.<br>Los Angeles, CA 90012-3014 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC368561** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory D. Helmer, Andrew H. Friedman, Helmer & Friedman, LLP; 723 Ocean Front Walk; Venice, CA
90291; (310) 396-7714

DATE:
*(Fecha)* MAR 27 2007     **JOHN A. CLARKE, CLERK**     , Deputy
                                                                 *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (POS-010)).*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

Daniel Garcia

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. [ www.USCourtForms.com ]

**NOTICE OF CASE ASSIGNMENT**
**LOS ANGELES SUPERIOR COURT**

CASE NUMBER _____     BC368561

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William Highberger | 32 | 406 | |
| Hon. Alice E. Altoon | 28 | 318 | Hon. Ernest Hiroshige | 54 | 512 | |
| Hon. Conrad Aragon | 49 | 509 | Hon. Jane Johnson | 56 | 514 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Elizabeth Allen White | 48 | 505 | |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Jon M. Mayeda | 72 | 731 | |
| Hon. Soussan Bruguera | 71 | 729 | Hon. Rita Miller | 16 | 306 | |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. David L. Minning | 61 | 632 | |
| Hon. James C. Chalfant | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Victoria Chaney | 324 | CCW | Hon. Mary Ann Murphy | 25 | 317 | |
| | 89 | 532 | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Victor H. Person | 39 | 416 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Mel Recana | 45 | 529 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Andria K. Richey | 31 | 407 | |
| Hon. Mark Mooney | 68 | 617 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. William F. Fahey | 78 | 730 | Hon. Ann I. Jones | 40 | 414 | |
| Hon. Irving Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Haley J. Fromholz | 20 | 310 | Hon. Mary Thornton House | 17 | 313 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Terry Green | 14 | 300 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Judith C. Chirlin | 19 | 311 | |
| Hon. Paul Gutman | 34 | 408 | Hon. George Wu | 33 | 409 | |
| Hon. Robert L. Hess | 24 | 314 | | 35 | 411 | |
| | 3 | 224 | OTHER | | | |

Given to Plaintiff of record on _____     John A. Clarke, Executive Officer/Clerk

_____, DEPUTY
CLERK

Revised 01/01/05
c:\My Documents\Judge Assignments.wpd

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gregory D. Helmer, SBN 150184<br>Andrew H. Friedman, SBN 153166<br>723 Ocean Front Walk<br>Venice, CA 90291<br>    TELEPHONE NO: (310) 396-7714   FAX NO.: (310) 396-9215<br>ATTORNEY FOR *(Name):* Lois Grady, Kaye Steinsapir | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 27 2007<br><br>John A. Clark, Executive Officer/Clerk<br>By _____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central

CASE NAME:
Lois Grady, et al. v. Menu Foods Income Fund

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | BC368561 |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[✓] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [✓] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [✓] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Four
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Gregory D. Helmer
   (TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

2136281906                                                    02:54:14 p.m.    03-27-2007        5 /6

1  HELMER • FRIEDMAN, LLP
   Gregory D. Helmer, P.C. (S.B. #150184)
2  Andrew H. Friedman, P.C. (S.B. # 153166)
   723 Ocean Front Walk
3  Venice, California 90291
   Telephone: (310) 396-7714
4  Facsimile: (310) 396-9215

5  Paul L. Hoffman, SBN 071244
   Michael D. Seplow, SBN 150183
6  Michael S. Morrison, SBN 205320
   SCHONBRUN DE SIMONE SEPLOW
7  HARRIS & HOFFMAN LLP
   723 Ocean Front Walk
8  Venice, CA 90291
   Telephone: (310) 396-0731
9  Facsimile: (310) 399-7040

10 Attorneys for Plaintiffs

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA BC368561

13               FOR THE COUNTY OF LOS ANGELES

14 LOIS GRADY, KAYE STEINSAPIR,          CASE NO:
   individually and on behalf of all others
15 similarly situated ,                  COMPLAINT FOR DAMAGES:

16          Plaintiff,                    CLASS ACTION (Plaintiff
                                          Class) (California Code of Civil
17      v.                                Procedure §382)

18                                        1.   STRICT PRODUCTS
                                               LIABILITY
19 MENU FOODS INCOME FUND,
   MENU FOODS, INC., MENU FOODS          2.   NEGLIGENCE
20 LIMITED, MENU FOODS
   OPERATING LIMITED                     3.   BREACH OF
21 PARTNERSHIP, MENU FOODS                    WARRANTIES
   MIDWEST CORP., PETCO ANIMAL
22 SUPPLIES, INC., NUTRO PRODUCTS,       4.   UNFAIR BUSINESS
   INC. and DOES 1 through 100,               PRACTICES BUSINESS
23 inclusive,                                 & PROFESSIONS CODE
                                              §§ 17200 ET SEQ.)
24      Defendants.

25
                                         DEMAND FOR JURY TRIAL
26

27

28

                              1.
                   COMPLAINT FOR DAMAGES

Plaintiffs Lois Grady and Kaye Steinsapir, individually on behalf of themselves, and on behalf all others similarly situated, and the general public, on information and belief, make the following allegations to support this complaint:

## INTRODUCTION

1.      Plaintiffs file this class action on behalf of themselves and similarly situated individuals whose pets died and/or became seriously ill after ingesting various brands of tainted wet, or "cuts and gravy" style, dog and cat food manufactured by defendant Menu Foods and distributed and sold throughout the State of California and the Country.  The food, including popular brands such as Iams, Eukanuba, Nutro Natural Choice, Nutro Ultra, Special Kitty, Loving Meals, Winn Dixie, Science Diet and other labels that were marketed to consumers as healthy and nutritious food for their pets, was found to contain aminopterin – a chemical substance used to kill rats and other rodents. Although Menu Foods has issued what is purported to be one of the largest, if not the largest, recalls of products in the pet food industry's history, countless pets have died, experienced kidney failure and/or suffered other serious adverse health consequences as a result of eating the contaminated food.

## NATURE OF THE ACTION

2.      Plaintiffs bring this action on behalf of themselves and numerous others pet owners throughout the State of California whose pets became ill and/or died after having  ingested tainted pet food which was manufactured and distributed by Defendants.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.

2.

COMPLAINT FOR DAMAGES

4.      Venue is proper in this county in accordance with Sections 394 and 395(a) of the California Code of Civil procedure because defendants or some of them reside in this county and/or the alleged wrongs occurred in this county.

### PLAINTIFFS

5.      Plaintiff Lois Grady ("Ms. Grady") is a resident of the County of Fresno and a citizen of the State of California. Ms. Grady is the owner of a cat named Riley, who became ill upon ingesting tainted pet food manufactured and distributed by Defendants, including, without limitation, Special Kitty pet food. Ms. Grady purchased the contaminated food in Fresno, California. As a result of her pet cat's ingesting this tainted pet food, Ms. Grady sustained compensatory damages, including, without limitation, veterinarian bills and related expenses. Ms. Grady brings this action on behalf of herself and all others similarly situated.

6.      Kaye Steinsapir ("Ms. Steinsapir") is a resident of the County of Los Angeles and a citizen of the State of California. Ms. Steinsapir is the owner of a cat named Lila, who became ill upon ingesting tainted pet food manufactured and distributed by Defendants, including, without limitation, Nutro Natural Choice cat food. Ms. Steinsapir purchased the contaminated at a Petco store in Los Angeles, California. As a result of Lila's ingesting of this tainted pet food, Ms. Steinsapir sustained compensatory damages, including, without limitation, veterinarian bills and related expenses. Ms. Steinsapir brings this action on behalf of herself and all others similarly situated.

//
//
//
//
//

3.

COMPLAINT FOR DAMAGES

## DEFENDANTS

7.    Plaintiffs are informed and believe and thereon allege that Defendants MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS LIMITED, MENU FOODS OPERATING LIMITED PARTNERSHIP, MENU FOODS MIDWEST CORP. (the Menu Foods entities shall hereinafter be collectively referred to as "MENU FOODS"), PETCO ANIMAL SUPPLIES, INC. (hereinafter "PETCO"), NUTRO PRODUCTS, INC. and Does 1 through 100, are corporations or other business entities doing business in the State of California. Plaintiffs are further informed and believe and thereon allege that all named Defendants either manufactured, sold, re-sold, inspected, marketed, distributed and/or placed into the stream of commerce numerous brands of pet food, including, without limitation, Nutro Natural Choice, Iams, Eukanuba, Nutro Ultra, Special Kitty, Loving Meals, Winn Dixie, Science Diet and numerous other brands, which have since been recalled (hereinafter referred to as the "Pet Food" or "PRODUCT") that was ingested by pet animals belonging to Plaintiffs and others similarly situated, and caused these pets to become ill and/or die. As a result of Defendants' conduct, Plaintiffs, and all others similarly situated, sustained damages.

8.    Plaintiffs are further informed and believe and thereon allege that defendant PETCO's principal place of business and corporate headquarters are located in the State of California.

9.    Plaintiffs are informed and believe and thereon allege that Defendant Nutro Products Inc., which distributes Nutro Natural Choice and other pet foods, is a corporation duly registered under the laws of the State of California.

10.    The true names and capacities, whether corporate, associate, individual or otherwise of defendants DOES 1 through 100, inclusive, are unknown to plaintiffs,

1    who therefore sues said defendants by such fictitious names. Each of the defendants
2    designated herein as a DOE is negligently or otherwise legally responsible in some
3    manner for the events and happenings herein referred to and caused injuries and damages
4    proximately thereby to the plaintiffs, as herein alleged. Plaintiffs will ask leave of Court
5    to amend this Complaint to show their names and capacities when the same have been
6    ascertained.

7

8          11.    At all times herein mentioned, defendants, and each of them, were the
9    agents, representatives, employees, successors and/or assigns, each of the other and at all
10   times pertinent hereto were acting within the course and scope of their authority as such
11   agents, representatives, employees, successors and/or assigns.

12

13                     **CLASS ACTION ALLEGATIONS**

14         12.    Plaintiffs bring this action on behalf of themselves and all others
15   similarly situated as a class action pursuant to California Code of Civil Procedure Section
16   382. The class that Plaintiffs seek to represent (herein referred to as " PLAINTIFF
17   CLASS") is composed of and defined as follows:

18             **All persons within the State of California whose pets ingested the Pet Food**
19             **and, as a result, became ill and/or died.**

20

21         13.    The members of the class are so numerous that joinder of all members
22   would be unfeasible and not practicable. The membership of the entire class is unknown
23   to Plaintiffs at this time; however, it is estimated that the entire class is greater than 1,000
24   individuals, but the identity of such membership is readily ascertainable via inspection of
25   records and other documents maintained by Defendants.
26   //
27   //
28

COMPLAINT FOR DAMAGES

14.    There are common questions of law and fact as to the class which predominate over questions affecting only individual members including, without, limitation:

A.    Did Defendants either manufacture, sell, inspect, market, distribute and/or place the Pet Food into the stream of commerce?

B.    Was the Pet Food a defective product?

C.    Did the Defendants knowingly or negligently make false statements about the safety of the Pet Food?

D.    Did Plaintiffs and others similarly situated rely upon Defendants' false representations regarding the safety of the Pet Food for consumption by animals?

E.    Did Defendants Breach any warranties regarding the safety of the Pet Food?

F.    Did Defendants know, or should they have known, about the risks posed to pets consuming the Pet Food, and if so, when did they know of this risk?

G.    Did the Pet Food cause pets belonging to Plaintiffs and others similarly situated to become ill and/or die?

H.    Did Plaintiffs and others similarly situated suffer compensatory damages as a result of Defendants' conduct?

I.    Whether Defendants engaged in unfair business practices;

J.    Whether Defendants acted with, malice, oppression and fraud thereby justifying the award of punitive and exemplary damages.

K..    The effect upon and the extent of damages suffered by the PLAINTIFF CLASS and the appropriate amount of compensation.

15.    The claims of Plaintiffs pled as class action claims are typical of the

6.

1  claims of all members of the class as they arise out of the same course of conduct and are

2  predicated on the same violation(s) of the law. Plaintiffs, as representative parties, will

3  fairly and adequately protect the interests of the class by vigorously pursuing this suit

4  through their attorneys who are skilled and experienced in handling matters of this type.

5

6        16.     The nature of this action and the nature of the laws available to the

7  PLAINTIFF CLASS make use of the class action format a particularly efficient and

8  appropriate procedure to afford relief to the PLAINTIFF CLASS. Further, this case

9  involves corporate defendants and a large number of individuals possessing claims with

10  common issues of law and fact. If each individual were required to file an individual

11  lawsuit, the corporate defendants would necessarily gain an unconscionable advantage

12  since they would be able to exploit and overwhelm the limited resources of each

13  individual plaintiff with its vastly superior financial and legal resources. Proof of a

14  common business practices or factual patterns, of which the named plaintiffs experienced,

15  is representative of the class mentioned herein and will establish the right of each of the

16  members of the class to recovery on the claims alleged herein.

17

18        17.     The prosecution of separate actions by the individual class members,

19  even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or

20  adjudications with respect to the individual class members against the defendants herein;

21  and/or (b) legal determinations with respect to individual class members which would, as

22  a practical matter, be dispositive of the other class members not parties to the

23  adjudications or which would substantially impair or impede the ability of class members

24  to protect their interests. Further, the claims of the individual members of the class are

25  not sufficiently large to warrant vigorous individual prosecution considering all of the

26  concomitant costs and expenses attending thereto. Plaintiffs are also unaware of any

27  difficulties that are likely to be encountered in the management of this action that would

28

1   preclude its maintenance as a class action.

2

3                        **FACTS COMMON TO ALL COUNTS**

4          18.     Plaintiffs  are informed and believe and thereon allege that Defendants

5   manufactured, sold, re-sold, inspected, marketed, distributed and/or placed into the stream

6   of commerce various brands of the Pet Food.  The Pet Food was marketed and advertised

7   by Defendants throughout the State of California as being safe and healthy for pets to

8   consume.  Moreover, the Pet Food was sold in pet stores throughout California, including

9   stores owned and operated by Defendant PETCO.

10

11         19.     Plaintiffs are informed and believe and thereon allege that consumers

12  throughout California purchased the Pet Food, which was fed to their cats and dogs.

13  Plaintiffs are further informed and believe and thereon allege that as a result of ingesting

14  the Pet Food, thousands of pets became seriously ill and required extensive medical care.

15  Plaintiffs are further informed and believe and thereon allege that numerous pet animals

16  have died as a direct result of ingesting the Pet Food.  On or about March 16, 2007,

17  Defendant MENU FOODS, the principal manufacturer of the tainted Pet Food, issued a

18  recall of the Pet Food (which was manufactured between December 3, 2006 and March 6,

19  2007).  Plaintiffs are further informed and believe and thereon allege that prior to the

20  recall, Defendant MENU FOODS and other defendants either knew or should have

21  known that the Pet Food was defective and presented a serious risk to the health and

22  safety of animals.

23

24         20.     In or about March,  2007, Plaintiff Lois Grady fed Special Kitty cat

25  food, one of the brands of tainted Pet Food, to her cat, Riley.  Ms. Grady had purchased

26  the Special Kitty food at a Wal-Mart store in Fresno, California.  Shortly thereafter, Riley

27  refused to eat his food, became lethargic and suffered from bouts of vomiting.  Riley also

28

                                        8.
                            COMPLAINT FOR DAMAGES

1   lost weight and appeared seriously ill. Ms. Grady became extremely concerned and took

2   Riley to the veterinarian. After performing blood and uring tests, the veterinarian

3   diagnosed Riley as suffering from kidney failure. Riley required extensive veterinarian

4   treatment and will require a special diet for the remainder of his life. Prior to that time,

5   Riley had been in excellent health. Ms. Grady is informed and believes that her cat's

6   illness was directly caused by the ingestion of Special Kitty, which is one of the

7   numerous tainted pet food products manufactured and distributed by Defendant MENU

8   FOODS. As a result, Ms. Grady has sustained compensatory damages, including, without

9   limitation, veterinary bills and related expenses.

10

11        21.     Plaintiff Kaye Steinsapir fed her four-year-old cat, Lila, Nutro Natural

12   Choice cat food – one of the brands of tainted Pet Food – since Lila was a kitten. She

13   continued to feed Lila Nutro Natural choice through and including March, 2007. Ms.

14   Steinsapir, who had purchased the Nutro Natural Choice at a PETCO store in Santa

15   Monica, California, believed she was feeding Lila one of the healthiest, nutritious cat

16   foods available on the market. Prior to March, 2007, Lila was a healthy, vibrant cat

17   without any medical conditions. However, in or about March, 2007, Lila became

18   seriously ill after Ms. Steinsapir fed her Nutro Natural Choice foil pouches. Lila began

19   vomiting repeatedly and drinking an excessive amount of water. Although Lila had

20   always had a very healthy appetite prior to March, 2007, she stopped eating her wet food.

21   Ms. Steinsapir brought Lila to her veterinarian, who diagnosed Lila with acute kidney

22   failure. Lila was subsequently hospitalized and required extensive veterinary treatment,

23   including, but not limited to, intravenous fluids and a urinary catheter that required her to

24   be placed under anesthesia. Prior to ingesting the tainted Pet Food, Lila had been playful,

25   full of energy and never suffered any illness whatsoever. Ms. Steinsapir is informed and

26   believes and thereon alleges that Lila will require a special diet for the rest of her life and

27   will also require veterinary care for the foreseeable future. Ms. Steinsapir is informed and

28

COMPLAINT FOR DAMAGES

1  believes and thereon alleges that her cat's illness was directly caused by the ingestion of

2  Nutro Natural Choice, which is one of the numerous tainted pet food products

3  manufactured by Defendant MENU FOODS. As a result, Ms. Steinsapir has sustained

4  compensatory damages, including, without limitation, veterinary bills and related

5  expenses.

6

7      22.      Plaintiffs are informed and believe and thereon allege that there are

8  thousands of pets throughout California who ingested the Pet Food and, as a result,

9  became ill and/or died and required their owners to incur substantial veterinarian and

10  other related expenses.

11

12     23.      Plaintiffs are informed and believe and thereon allege that the Pet Food

13  was defective due to a defect in design, manufacturing, reconditioning, inspection and/or

14  warning. In particular, Plaintiffs are informed and believe and thereon allege that the Pet

15  Food was contaminated with dangerous substances, including aminopterin, which is a

16  form of rat poison and which causes death and/or serious illness when ingested by dogs or

17  cats.

18

19     24.      Plaintiffs are informed and believe and thereon allege that Defendants,

20  and each of them, knew or should have known that the Pet Food was defective and posed

21  an unreasonable safety risk to the safety of animals who would consume it. Plaintiffs are

22  further informed and believe and thereon allege that Defendants concealed from members

23  of the consuming public, including Plaintiffs and others similarly situated, the nature and

24  scope of the product defect.

25

26     25.      Plaintiffs are informed and believe and thereon allege that in furtherance

27  of their active concealment and suppression of information concerning the product

28

10.

COMPLAINT FOR DAMAGES

1  defect, defendants caused to be published deceptive and misleading advertising that

2  emphasized that their products were safe, healthy and free from known safety defects,

3  when in fact they were not. Plaintiffs are informed and believe and thereon allege that

4  Defendants intended such false and deceptive advertising to lull the consuming public into a

5  false sense of security by inducing reliance on Defendants' claims of high quality and safety.

6

7      26.    Plaintiffs are informed and believe and thereon allege that at all relevant

8  times, Defendants' knowledge and understanding of the product defect and its resulting

9  danger to animals was substantially greater than that of Plaintiffs and others similarly

10  situated, who were unaware of the nature or cause of the product defect, and had no

11  access to Defendants' research and testing results, product statistics, or other internal

12  information in that regard.

13

14      27.    Plaintiffs are informed and believe and thereon allege that Defendants

15  were aware of the risk of serious injury caused by the sale of the Pet Food, but that

16  defendants deliberately chose not to fix, recall or correct these problems because of the

17  expense involved, thus placing their own economic interests over those of consumers

18  such as plaintiffs and others similarly situated.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

11.

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (Against All Defendants)

28.    Plaintiffs hereby incorporate by reference the allegations in paragraphs 1 through 28, inclusive as though set forth herein in their entirety.

29.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, said defendants, and each of them, and their successors, designed, manufactured, built, assembled, adjusted, repaired, inspected, re-sold and/or introduced into interstate and/or intrastate commerce for sale therein, sold, distributed, supplied, maintained, controlled, cared for, supervised, attended to, inspected, engaged in testing, labeling, transporting, storing, advertising, marketing, selling and recommending the Pet Food to the general public and other ultimate users (including Plaintiffs and others similarly situated) within the State of California. Defendants represented to the general public, including Plaintiffs and others similarly situated, that the Pet Food was safe and healthy for animals to eat.

30.    Plaintiffs are informed and believe and thereon allege that the Pet Food was defective, unsafe, hazardous, perilous, insecure, unfit, and dangerous for its intended use, and the purposes for which it was intended, by reason of defect(s) in its design, assembly, adjustment, manufacture, construction, maintenance, installation, operation, control, care, supervision, attention to, servicing, upkeep, repair, inspection, testing, processing, producing, packaging, labeling, storing, advertising, warning, recommendations and sale, in that the Pet Food was contaminated and therefore failed to meet the reasonable expectations of the ordinary consumer when the Pet Food was used for its intended purposes, and/or its reasonably foreseeable uses, as heretofore mentioned.

12.

31.    Plaintiffs are informed and believe and thereon allege that at all relevant times, Plaintiffs, and others similarly situated were using the Pet Food in a manner consistent with its intended purpose, and/or its foreseeable use and in the manner recommended by Defendants, and each of them, as heretofore mentioned. As a direct and proximate result of the defects as aforesaid, the Pet Food failed to perform as safely as the ordinary consumer would expect which caused illness to Plaintiffs' pets, thereby directly and proximately causing the resulting damages to Plaintiffs and others similarly situated.

32.    Plaintiffs are informed and believe and thereon allege that as a direct and proximate result of the acts and omissions of Defendants, and each of them, as herein alleged, Plaintiff s suffered the damages alleged herein in an amount within the jurisdiction of this Court.

33.    Plaintiffs are informed and believe and thereon allege that the aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive, fraudulent and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs and others similarly situated, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial. Plaintiffs are informed and believe and on that basis alleges that officers, directors and/or managing agents of each of the defendants acted in conscious disregard of Plaintiffs' rights and the safety of Plaintiffs' pets by designing, distributing, or selling the Pet Food, despite the known defects in the Pet Food, which the officers, directors and/or managing agents of Defendants knew would injure persons such as Plaintiffs. To the extent that any officer, director and/or managing agent of each of the Defendants did not personally commit the malicious, oppressive or fraudulent acts described above, each such defendant authorized or ratified the malicious, oppressive and/or fraudulent act.

13.

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

34.     Plaintiffs hereby incorporates by reference the allegations in paragraphs 1 through 33 inclusive at though set forth herein in their entirety, and further alleges:

35.     Defendants, and each of them owed a duty of care towards Plaintiffs and others similarly situated and the general public in which they were required to use reasonable diligence and due care in the manufacturing, design, marketing, distribution, inspection, storage and/or sale of The Pet Food.   Plaintiffs are informed and believe and thereon allege that Defendants, and each of them,  breached their duty of care by causing contaminated Pet Food to enter stream of commerce where it was consumed by thousands of pet animals, many of whom became seriously ill and/or died and by concealing from and misrepresenting to the general public the defective condition of The Pet Food.

36.     As a direct and legal result of the negligent acts and omissions of Defendants, and each of them, plaintiffs and others similarly situated have suffered damages, including, without limitation, veterinarian bills and related expenses.

37.     Plaintiffs are  informed and believe and thereon allege that at all relevant times, Defendants, and each of them, and their successors, so negligently, carelessly, recklessly and unlawfully designed, manufactured, built, sold, distributed, supplied, assembled, adjusted, constructed, installed, maintained, operated, controlled, cared for, created warnings for, supervised, attended to, serviced, repaired, inspected, tested, introduced into interstate and/or intrastate commerce for sale therein, advertised, recommended and stored the Pet Food, thereby direct and proximately causing the

14.

COMPLAINT FOR DAMAGES

1  resulting damages to Plaintiffs and others similarly situated as alleged herein.

2

3      38.      Plaintiffs are informed and believe and thereon allege that as a direct

4  and proximate result of the negligent acts and omissions of Defendants, and each of

5  them,, Plaintiffs and others similarly situated suffered the damages alleged herein in an

6  amount within the jurisdiction of this Court.

7

8

9                        **THIRD CAUSE OF ACTION**

10                       **BREACH OF WARRANTIES**

11                       **(Against All Defendants)**

12

13      39.      Plaintiffs hereby incorporate by reference the allegations in paragraphs 1

14  through 38, inclusive as though set forth herein in their entirety.

15

16      40.      Plaintiffs are informed and believe and thereon allege that at all times

17  herein mentioned, and prior thereto, Defendants, and each of them, and their successors,

18  designed, manufactured, assembled, adjusted, introduced into interstate and/or intrastate

19  commerce for sale therein, sold, distributed, supplied, constructed, maintained, controlled,

20  cared for, supervised, attended to, serviced, inspected, engaged in testing, processing,

21  producing, packaging, labeling, transporting, into interstate and/or intrastate commerce

22  for sale therein, storing, advertising, selling and recommending the Pet Food to the

23  general public and other ultimate users and for use with all knowledge and intent that it be

24  used by the general public and other ultimate users, and said defendants, and each of

25  them, including all fictitiously named defendants herein, and their successors impliedly

26  represented that the Pet Food was fit for the purpose and uses for which it was intended.

27

28      41.      Plaintiffs and others similarly situated relied upon said representations

                                    15.
                        COMPLAINT FOR DAMAGES

1  and warranties and had no knowledge of the dangerous, unsafe, hazardous, and unfit
2  quality of The Pet Food.

3

4     42.    Plaintiffs are informed and believe and thereon allege that the Pet Food
5  as unsafe, hazardous, perilous, insecure, dangerous and unfit when used for the purposes
6  for which it was intended and in the manner recommended by Defendants, and each of
7  them, and their successors, which resulted in damages and injuries to Plaintiffs and others
8  similarly situated, as alleged herein.

9

10                    **FOURTH CAUSE OF ACTION**
11           **UNFAIR COMPETITION AND BUSINESS PRACTICES**
12              **(CALIFORNIA BUSINESS AND PROFESSIONS CODE**
13                    **SECTION 17200, ET SEQ.)**
14                     **(Against All Defendants)**

15

16     43.    Plaintiffs hereby incorporate by reference the allegations in paragraphs 1
17  through 42, inclusive, as though set forth herein in their entirety.

18

19     44.    Defendants' unlawful and unfair practices as alleged herein violate
20  California law and constitute ongoing and continuous unfair business practices within the
21  meaning of Business and Professions Code §17200. Such practices include, but are not
22  limited to, Defendants making false representations as to the safety of the Pet Food and
23  Defendants' concealment from members of the public the danger that the Pet Food posed
24  to dogs and cats while continuing to manufacture, market, sell and distribute The Pet
25  Food.

26

27     45.    California Business and Professions Code §17200 prohibits unfair
28  competition and unfair business practices, including, "any unlawful, unfair or fraudulent

                                    16.

business act or practice . . . ." Defendants' conduct as specified herein, constitutes a violation of California Business and Professions Code §17200, et seq.

46. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiffs, the PLAINTIFF CLASS and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs and the PLAINTIFF CLASS.

47. Defendants' unfair business practices entitle Plaintiffs and the PLAINTIFF CLASS to seek preliminary and permanent injunctive relief, including but not limited to, orders that the Defendants account for, disgorge and restore to Plaintiffs and the PLAINTIFF CLASS the compensation unlawfully withheld from them. Accordingly, Plaintiffs seek disgorgement of all profits resulting from these unlawful, unfair, and fraudulent business practices, restitution, and other appropriate relief as provided for by Business & Professions Code §17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. That causes of action one through four may be maintained as a class action;

2. For general damages in an amount within the jurisdictional limits of this court according to proof;

3. For special damages, including medical expenses and loss of earnings, according to proof;

4. For punitive damages, according to proof;

5. For injunctive and equitable relief, including an accounting of profits and

17.

COMPLAINT FOR DAMAGES

restitution based on Defendants' unjust enrichment, according to proof

6.     For cost of suit;

7.     For attorneys fees pursuant to Code of Civil Procedure Section 1021.5 and other applicable provisions of law;

8.     For interest at the legal rate; and

9.     For such other and further relief as the Court may deem just and proper.

Dated: March 26, 2007

HELMER • FRIEDMAN, LLP
Gregory D. Helmer, P.C.
Andrew H. Friedman, P.C.

SCHONBRUN DE SIMONE SEPLOW
HARRIS & HOFFMAN LLP
Paul L. Hoffman
Michael D. Seplow
Michael Morrison

By: _____
       Gregory D. Helmer, P.C.

Attorneys for Plaintiffs

//
//
//
//
//
//
//
//
//
//
//

18.

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury on all claims.

3

4    Dated: March 26, 2007

5                                                    HELMER • FRIEDMAN, LLP
                                                     Gregory D. Helmer
                                                     Andrew H. Friedman, P.C.
6

7                                                    SCHONBRUN DE SIMONE SEPLOW
                                                     HARRIS & HOFFMAN LLP
8                                                    Paul L. Hoffman
                                                     Michael D. Seplow
9                                                    Michael Morrison

10

11

12                                                   By:
                                                          Gregory D. Helmer, P.C.
13

14                                                   Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____19._____
COMPLAINT FOR DAMAGES

1  **SERVICE LIST**

2

3  Gregory D. Helmer, P.C.
   Andrew H. Friedman, P.C.
4  HELMER FRIEDMAN, LLP
   723 Ocean Front Walk
5  Venice, CA 90291
   Tele:  (310) 396-7714
6  Fax:   (310) 396-9215

7  Paul L. Hoffman, Esq.
   Michael D. Seplow, Esq.
8  Michael S. Morrison, Esq.
   SCHOMBURN DE SIMONE SEPLOW
9  HARRIS & HOFFMAN LLP
   723 Ocean Front Walk
10 Venice, CA 90291
   Tele:  (310) 396-0731
11 Fax:   (310) 399-7040

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV07- 2253 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Lois Grady/County of Fresno
Kaye Steinsapir/County of Los Angeles

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**DEFENDANTS**
Menu Foods Income Fund-Canada; Menu Foods
Midwest Corporation-Deleware;Menu Foods, Inc.-
New Jersey; Menu Foods Midwest Corp.-Deleware

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

Attorneys (If Known)

Gina Och (SBN170520)
Murchison & Cumming, LLP
801 South Grand Avenue, 9th Floor
Los Angeles, CA 90017
telephone 213-623-7400
facsimile 213-623-6336

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. ss 1332, 1441, and 1446.  this is a diversity action.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☒ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   X No ☐ Yes
If yes, list case number(s):

CV07-02253 DDP (PLAx)

**FOR OFFICE USE ONLY:   Case Number:**

CV-71 (07/05)                                    CIVIL COVER SHEET

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?    X   No       Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ____ A. Arise from the same or closely related transactions, happenings, or events; or

____ B. Call for determination of the same or substantially related or similar questions of law and fact; or

____ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

____ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above

in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

|   | Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiff Lois Grady - County of Fresno
Plaintiff Kaye Steinsapir - county of Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.    (Use an additional sheet if necessary).

[     ] Check here if the U.S. government, its agencies or employees is a named defendant.

Menu Foods Income Fund - Canada; Menu Foods Midwest Corporation-Delaware; Menu
Foods, Inc.-New Jersey; Manu Foods-Midwest Corporation-Deleware

**List the California County**, or State if other than California, in which **EACH** claim arose.    (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

County of Fresno

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**  _____    Date  4/5/07

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate Instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |